107 F.3d 873
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert HORTON, Plaintiff-Appellant,
v.
BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT 508,
Defendant-Appellee.
 No. 96-3013.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 6, 1997.*
Decided Feb. 07, 1997.
 
 Before POSNER, Chief Judge, and KANNE and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Professor Robert Horton brought suit against the Board of Trustees of the City Colleges of Chicago, alleging that they terminated his employment as an assistant professor in violation of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Illinois Pension Code, and his collective bargaining agreement. The district court granted Horton's motion to withdraw his Title VII allegations and granted summary judgment for the defendants on the remaining claims. (The preferred practice is to dismiss supplemental claims when the federal claims are terminated without trial, but the claims were fully briefed and shown to be meritless. See Boyce v. Fernandes, 77 F.3d 946, 951 (7th Cir.1996).) It subsequently denied Horton's motion to reconsider. Horton appeals.
 
 
 2
 We affirm based on the reasons stated by the district court in its May 15, 1996 judgment, but add a comment on one of Horton's arguments. Horton, who last taught classes during the 1987-88 school year and who had been on extended illness leave from Truman College since 1989, argues that his employment was regulated solely by the State Universities Retirement System ("SURS") because he has been receiving disability pay under SURS. Thus, he contends, City Colleges was unable to terminate his employment; rather, he was guaranteed employment by SURS's authorization of disability payments. Under Illinois law, however, the SURS Board of Trustees has no authority to determine who is an "employee" of the participating employers. Wargo v. State Universities Retirement System, 436 N.E.2d 745, 748 (Ill.App.Ct.1982). Whether Horton was employed by City Colleges was up to City Colleges, not SURS.
 
 
 3
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, plaintiff's request for oral argument is denied and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)